# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON REZAIAN,<br><br>MARY REZAIAN,<br><br>and<br><br>ALI REZAIAN<br><br>  Plaintiffs,<br><br>  v.<br><br>THE ISLAMIC REPUBLIC OF IRAN,<br>THE ISLAMIC REVOLUTIONARY<br>GUARD CORPS,<br><br>  Defendants. | Civil Action No. 1:16-cv-01960-RJL |

## PLAINTIFFS' MOTION IN LIMINE

  Plaintiffs Jason, Mary, and Ali Rezaian respectfully submit this motion in limine to address the status of previously submitted materials in advance of tomorrow's hearing.

  On October 3, 2016, Plaintiffs filed the above-captioned action in this Court against Defendants the Islamic Republic of Iran and the Islamic Revolutionary Guard Corps under the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A. Defendants were served as required by the FSIA, 28 U.S.C. § 1608, but have not appeared. On April 4, 2017, default was entered against both defendants. On June 5, 2017, Plaintiffs filed a Motion for Default Judgment and a request to file under seal. On September 7, 2018, this Court held a status hearing at which it asked Plaintiffs to provide information regarding procedures that

could be used by the Court to test the sufficiency of the evidence in Defendants' absence. On December 13, 2018, this Court held another status conference, at which it scheduled an evidentiary hearing for January 8 and 9, 2019.

To obtain a default judgment against the absent Defendants, Plaintiffs must establish their right to relief "by evidence satisfactory to the court." 28 U.S.C. § 1608(e). Courts have recognized that this statutory requirement allows consideration of "numerous evidentiary sources," including sources that would not ordinarily be admitted. *See Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 49 (D.D.C. 2012); *see also Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 353 (D.C. Cir. 2018) ("the quantum and quality of evidence that might satisfy a court can be less than that normally required"). According to the D.C. Circuit, "[t]his lenient standard is particularly appropriate for a FSIA terrorism case, for which firsthand evidence and eyewitness testimony is difficult or impossible to obtain from an absent and likely hostile sovereign." *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017).

Here, Plaintiffs have submitted a Motion for Default Judgment along with Proposed Findings of Fact and Conclusions of Law, to which they attached seven exhibits. These exhibits included declarations from each of the Plaintiffs and from three expert witnesses: Mehdi Khalaji; Benjamin Sacks; and Dr. Stuart Grassian. At the hearing scheduled for January 8 and 9, Plaintiffs will testify regarding facts based on personal knowledge and experience; each of the three experts will testify as to their opinions and conclusions based on their professional expertise, knowledge, and experience. Plaintiffs seek to confirm that, in addition to this testimony, the Court will take under consideration—and admit into evidence—the declarations previously submitted. This approach appears to be consistent with that taken in other FSIA terrorism cases in which plaintiffs submitted a motion for default judgment and the court held a

hearing.  *See, e.g.*, *Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 77 (D.D.C. 2017); *Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 16 (D.D.C. 2016).  Plaintiffs therefore ask the Court to admit into evidence the declarations of Jason Rezaian, Ali Rezaian, Mary Rezaian, Mehdi Khalaji, Benjamin Sacks, and Dr. Stuart Grassian, attached to the Motion for Default Judgment as Exhibits A-F.  Further, within a reasonable time after the hearing on January 9, Plaintiffs will submit redacted versions of those exhibits, along with the Motion for Default Judgment and Proposed Findings of Fact and Conclusions of Law, to be filed on the public docket.

Dated:  January 7, 2019

Respectfully submitted,

*/s/ David W. Bowker*
David W. Bowker (DC Bar No. 989309)
Robert M. Kimmitt (DC Bar No. 940742)
Maury Riggan (DC Bar No. 1024739)
Justin Baxenberg (DC Bar No. 1034258)
Derek A. Woodman (DC Bar No. 1032144)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
david.bowker@wilmerhale.com
robert.kimmitt@wilmerhale.com
maury.riggan@wilmerhale.com
justin.baxenberg@wilmerhale.com
derek.woodman@wilmerhale.com